### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID McNISH, # B-27735,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )          **Case No. 16-cv-00445-SMY** |
| | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **I.D.O.C. DIRECTOR,** | ) |
| **VIPEN SHAH,** | ) |
| **SUZANN BAILEY,** | ) |
| **and UNKNOWN PARTY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David McNish, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Pinckneyville (Doc. 1). Plaintiff challenges the decision of prison officials to serve inmates a soy-based diet (Doc. 1, pp. 5-6). He attributes this decision to the Director of the Illinois Department of Corrections (IDOC Director), Jacqueline Lashbrook (Warden Lashbrook), Vipen Shah (Doctor Shah), Suzann Bailey (Food Administrator Bailey) and the owners of the prison's commissary (Commissary Owners) (*id*.). Plaintiff claims that their ultimate goal was to drive business to the prison's commissary, where inmates would spend money on soy-free foods.

The soy-based diet has allegedly caused Plaintiff to suffer severe headaches, constipation, stomach pain, a torn anus and depression (*id*. at 6). Doctor Shah refused to treat Plaintiff, instead encouraging him to "drink more water" and "buy more commissary" (*id.* at 5). The Commissary Owners encouraged Plaintiff to avoid the soy-based foods served by the prison and to purchase

his food from the commissary instead (*id*. at 6).  Plaintiff has filed numerous grievances to complain about these issues, but his grievances have been ignored.  The prison wardens have also ignored Plaintiff's direct complaints about the diet (*id*.).  Plaintiff now sues the defendants for monetary damages (*id*. at 7).

## Merits Review Under 28 U.S.C. § 1915A

This matter is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's Complaint survives preliminary review under this standard.

## The Complaint

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to medical needs claim against Doctor Shah for failing to treat Plaintiff's serious medical needs resulting from the consumption of a soy diet.**
>
> **Count 3:** **Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet.**

**Count 4:**      **Conspiracy claim against Defendants for depriving Plaintiff of a nutritionally adequate diet and medical care in a concerted effort to drive business to the prison's commissary.**

**Count 1** is subject to further review against Defendants IDOC Director, Warden Lashbrook and Food Administrator Bailey, but shall be dismissed without prejudice against Defendants Doctor Shah and the Commissary Owners.  **Count 2** is subject to further review against Doctor Shah.  **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.  Finally, **Count 4** may proceed against all of the defendants at this time.

<u>Parties and Claims Subject to Dismissal</u>

**Count 1 – Doctor Shah and Commissary Owners**

The Constitution requires prison officials to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it."  *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).  In the Complaint, Plaintiff alleges that the prison had a policy of serving soy-based foods, despite the known negative health consequences associated with the diet. These allegations are sufficient to state a claim concerning the service of nutritionally inadequate or harmful foods against Defendants IDOC Director, Warden Lashbrook and Food Administrator Bailey - these defendants are senior level staff within the IDOC who may have decision-making authority regarding the prison diet.

The same cannot be said of Doctor Shah and the Commissary Owners.  Plaintiff does not allege that the prison diet resulted from a policy directive by either of these defendants or that Doctor Shah and/or the Commissary Owners were involved in food service decisions. *See Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) ("[T]o maintain a § 1983 claim against a

municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation).").  Accordingly, **Count 1** shall be dismissed without prejudice against Doctor Shah and the Commissary owners.

### Count 3

Plaintiff asserts that prison officials ignored the grievances he filed to complain about the prison diet and its impact on his health.  Prison grievance procedures are not constitutionally mandated and thus do not support an independent claim under the Fourteenth Amendment Due Process Clause.  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 3** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 4 against Defendants Unknown Commissary Owners.  However, these defendants must be identified with particularity before service of the Complaint can be made on them.  Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, Warden Lashbrook is already named as a defendant and shall be responsible for responding to

discovery aimed at identifying these unknown defendants.  Guidelines for discovery will be set by the United States Magistrate Judge.  Once the names of Defendants Unknown Commissary Owners are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) which shall be decided in a separate Order of the Court.

Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

Finally, Plaintiff filed a Motion for Service of Process at Government Expense (Doc. 4), which is hereby **GRANTED**.  Service will be ordered on all of the defendants according to the instructions in the below Disposition.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **VIPEN SHAH** and **UNKNOWN COMMISSARY OWNERS** for failure to state a claim upon which relief may be granted; **COUNT 3** is **DISMISSED** with prejudice against all of the defendants for the same reason.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**; **COUNT 2** is subject to further review against Defendant **VIPEN SHAH**; and **COUNT 4** is subject to further review against all of the defendants.

**IT IS ORDERED** that as to **COUNTS 1, 2,** and **4**, the Clerk of Court shall prepare for

Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR, JACQUELINE LASHBROOK, VIPEN SHAH,** and **SUZANN BAILEY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **UNKNOWN COMMISSARY OWNERS** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on the pending Motion for Recruitment of Counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 22, 2016**

<u>**s/ STACI M. YANDLE**</u>
**U.S. District Judge**