IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MCNISH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-445-SMY-RJD |
| | ) |
| JACQUELINE LASHBROOK, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff David McNish, a former inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 while confined in Pinckeyville Correctional Center (Docs. 1, 8). Plaintiff asserts in his Complaint that Defendants violated his constitutional rights by deciding to serve him a soy-based diet. (*Id.*). Now pending before the Court are Defendants' Motions to Dismiss for Lack of Prosecution (Docs. 23, 29). For the following reasons, the motions are **GRANTED**.

It now appears that Plaintiff has abandoned his case. On August 18, 2016, and September 9, 2016, Defendants moved to dismiss for lack of prosecution on the basis that Plaintiff had been released by the Illinois Department of Corrections and had failed to provide notice of his change of address (Docs. 23, 29). On September 7, 2016, Magistrate Judge Frazier ordered Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute, warned Plaintiff that his failure to respond may result in dismissal for lack of prosecution and ordered him to respond by October 7, 2016 (Doc. 28). Plaintiff did not file a response.

Plaintiff's inaction indicates that he has lost interest or is otherwise refusing to prosecute this civil case.  Courts are left with few options under these circumstances when a *pro se* litigant abandons their case.  Imposing monetary sanctions is one option.  However such sanctions would have little effect on the litigant seeking to proceed *in forma pauperis* who has little incentive to pay.  The Court may also impose discovery sanctions.  For instance, Plaintiff may be barred from introducing his own testimony.  However, such a sanction would effectively result in dismissal because Plaintiff would be unable to provide an evidentiary basis to succeed at trial or survive a motion for summary judgment.

Accordingly, after considering these options and finding them inadequate, *see Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013), the Court dismisses this action without prejudice due to Plaintiff's lack of prosecution.  The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  October 19, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**